# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 30, 2011

142989

ATTORNEY GENERAL, STATE OF
MICHIGAN and CARBOLOGY, INC.,
      Plaintiffs-Appellants,

v

MERCK SHARP & DOHME CORPORATION,
f/k/a MERCK & COMPANY, INC.,
      Defendant-Appellee.

SC: 142989
COA: 292003
Ingham CC: 08-001132-CZ

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

On order of the Court, the application for leave to appeal the March 17, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH and HATHAWAY, JJ., would grant leave to appeal.

MARILYN KELLY, J. (*dissenting*).

I dissent from the Court's order denying plaintiffs' application for leave to appeal. Because the Court of Appeals clearly erred in holding that plaintiffs' suit is a product liability action and thus barred by MCL 600.2946(5), I would reverse its decision and reinstate plaintiffs' claim.

The facts of this case are straightforward. The case involves a controversy surrounding the sale of Vioxx, a pain-relief drug manufactured by defendant Merck Corporation. Merck withdrew Vioxx from the market after clinical trials revealed that persons using the drug experienced an increased risk of heart attack.

In 2008, the Michigan Attorney General filed suit under Michigan's Medicaid False Claim Act[1] seeking recovery of approximately $20 million in payments the state made for Vioxx prescriptions written on behalf of Medicaid recipients. Plaintiffs alleged

---

[1] MCL 400.601 *et seq.*

that defendant knowingly made false and deceptive statements about the safety and efficacy of Vioxx in order to enhance its sales. They claimed that, in doing so, defendant duped the state into paying for those prescriptions.

Defendant sought summary disposition, alleging that it was protected from product liability exposure for drugs approved by the United States Food and Drug Administration. The trial court denied its motion, ruling that plaintiffs' action did not sound in product liability. In a split decision, the Court of Appeals reversed that decision, holding that plaintiffs' suit was a product liability action, meaning it falls within the exemption for liability in MCL 600.2946(5).[2]

On appeal to this Court, plaintiffs argue that the Court of Appeals misconstrued their lawsuit. Specifically, they contend that a claim brought under the Medicaid False Claim Act is not a product liability action barred by MCL 600.2946(5)[3] because it is not a claim seeking compensation for "damage to property" as used in the act. Rather, it is a claim seeking the return of payments procured through fraudulent conduct. I agree with plaintiffs.

MCL 600.2945(h) defines a "product liability action" as "an action based on a legal or equitable theory of liability brought for the death of a person or for injury to a person or damage to property caused by or resulting from the production of a product." The Court of Appeals majority held that plaintiffs' allegations fall within this statutory definition because they assert legal and equitable theories of liability for damage to property resulting from the production of a product. Essentially, the court held that plaintiffs' alleged financial damages in the form of payments to Medicare patients amount to "damage to property." This defies common sense and a rational understanding of the statutory phrase "damage to property."

---

[2] *Attorney General v Merck Sharp & Dohme Corp*, ___ Mich App ___ (2011).

[3] MCL 600.2946(5) provides, in pertinent part:

> In a product liability action against a manufacturer or seller, a product that is a drug is not defective or unreasonably dangerous, and the manufacturer or seller is not liable, if the drug was approved for safety and efficacy by the United States food and drug administration . . . . This subsection does not apply if the defendant at any time before the event that allegedly caused the injury does any of the following:
>
> > (a) Intentionally withholds from or misrepresents to the United States food and drug administration information concerning the drug . . . .

In interpreting statutes, "[t]he fair and natural import of the provision governs, considering the subject matter of the entire statute."[4]  As dissenting Court of Appeals Judge FITZGERALD noted, "[w]hen examined in the proper context of a product liability statute, it is clear that 'damage to property' means *physical* damage to property caused by a defective or unreasonably dangerous product."[5]  Here, the damages alleged by plaintiffs arise from an injury to the state's Medicaid program and represent an amount of money wrongfully paid to defendant.  No physical damage is involved.

Moreover, MCL 600.2945(5) applies to a lawsuit by a purchaser, user, or bystander of a product.  Indeed, the definitions of "misuse" and "sophisticated user" in MCL 600.2945(e) and (j) contemplate that the *user* of a product will be a potential plaintiff in a product liability action.  By contrast, in this case, the state of Michigan brought suit for the return of Medicaid payments.  Thus, this is not a suit brought by a user of a product for "damage to property" as contemplated by MCL 600.2945(5).  Accordingly, that statute does not provide immunity for defendant.

A simple example clarifies the mistake made by the Court of Appeals majority.  Product liability cases are generally brought by or on behalf of people who have suffered injury or damage to their physical property because of the use of a product.  Hence, if a customer buys a product and it burns down his or her house, that person may bring a product liability action.  However, if that same customer buys a product, such as fireworks, with the expectation that it will blow up, and it does not work as promised, no product liability action lies.

The latter hypothetical situation is analogous to the instant case.  Plaintiffs are attempting to recover money spent for a product that allegedly did not live up to defendant's representations.  This case is not a product liability action because no physical injury is claimed.  Whether plaintiffs' action ultimately has merit is unknown at this stage of the proceedings, but defendant is not entitled to the immunity conferred by MCL 600.2946(5).

The judgment of the Court of Appeals should be reversed.

---

[4] *People v McGraw*, 484 Mich 120, 124 (2009).

[5] *Attorney General*, ___ Mich App at ___ (FITZGERALD, J., dissenting).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 30, 2011 _____

_____
Clerk

t0927